UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

AZZAM KADOURA,
          Plaintiff,

v.

HARTE-HANKS, INC. d/b/a HARTE-
HANKS DATA TECHNOLOGIES,
          Defendant.

Civil Action No. 05-10204-MLW

## ANSWER OF HARTE-HANKS, INC. d/b/a HARTE-HANKS DATA TECHNOLOGIES TO PLAINTIFF'S COMPLAINT

Now comes Defendant Harte-Hanks, Inc. ("Defendant") which responds to the numbered allegations in Plaintiff's Complaint as follows:

### JURISDICTION

1.      Paragraph 1 states a conclusion of law to which no response is required. To the extent a response is required, Harte-Hanks denies that Plaintiff states a viable claim upon which relief should be granted.

2.      Paragraph 2 states a conclusion of law to which no response is required. To the extent a response is required, Harte-Hanks denies that Plaintiff states a viable claim upon which relief should be granted.

3.      Paragraph 3 states a conclusion of law to which no response is required. To the extent a response is required, Harte-Hanks denies that Plaintiff states a viable claim upon which relief should be granted.

### PARTIES

4.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4.

5.    Defendant admits the allegations contained in paragraph 5.

6.    Defendant admits the allegations contained in paragraph 6 upon information and belief.

7.    Defendant admits that Plaintiff began employment with Harte-Hanks in September 1998 at its Billerica, MA facility but denies the remaining allegations contained in paragraph 7.

8.    Defendant denies the allegations contained in paragraph 8.

9.    Defendant admits the allegations contained in paragraph 9.

10.    Defendant denies the allegations contained in paragraph 10.

11.    Defendant admits the allegations contained in paragraph 11 upon information and belief.

12.    Defendant denies the allegations contained in paragraph 12.

13.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13.

14.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14.

15.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15.

16.    Defendant denies the allegations contained in paragraph 16.

17.    Defendant denies the allegations contained in paragraph 17.

18.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18.

19.     Defendant denies the allegations contained in paragraph 19, except admits that Plaintiff did not make any report to his supervisor or human resources at the time of the incident alleged in this paragraph.

20.     Defendant denies the allegations contained in paragraph 20.

21.     Defendant admits the allegations contained in paragraph 21, but denies that Kidas was Plaintiff's supervisor.

22.     Defendant denies the allegations contained in paragraph 22.

23.     Defendant denies the allegations contained in paragraph 23.

24.     Defendant denies the allegations contained in paragraph 24.

25.     Defendant denies the allegations contained in paragraph 25.

26.     Defendant denies the allegations contained in paragraph 26.

27.     Defendant denies the allegations contained in paragraph 27, except admits that Kadoura complained that Kidas had made an anti-Palestinian comment several months earlier.

28.     Defendant denies the allegations contained in paragraph 28.

29.     Defendant admits the allegations contained in paragraph 29.

30.     Defendant admits the allegations contained in paragraph 30.

31.     Defendant denies the allegations contained in paragraph 31.

32.     Defendant admits that Siesle had previously worked in Turkey, but denies the remaining allegations contained in paragraph 32.

33.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33.

34.     Defendant denies the allegations contained in paragraph 34.

35.     Defendant denies the allegations contained in paragraph 35.

3

36.     Defendant denies the allegations contained in paragraph 36.

37.     Defendant admits that Kadoura was given a warning by his supervisor, Praveen Patnaik, on or about May 26, 2004, but denies the remaining allegations contained in paragraph 37.

38.     Defendant denies the allegations contained in paragraph 38.

39.     Defendant admits that Kadoura was placed on probation and given a set of performance goals but denies the allegations contained in paragraph 39.

40.     Defendant admits the allegations contained in paragraph 40.

41.     Defendant denies the allegations contained in paragraph 41, except admits that Plaintiff did make a complaint to David Lobley on or about June 2, 2004.

42.     Defendant denies the allegations contained in paragraph 42.

43.     Defendant admits the allegations contained in paragraph 43.

44.     Defendant admits the allegations contained in the first sentence of paragraph 44, but denied the allegations contained in the second sentence of paragraph 44.

45.     Defendant admits that Patricia Clark uttered words to the effect of "Nobody is denying what happened", but denies the context in which Plaintiff alleges this statement was made and denies the remaining allegations contained in paragraph 45.

46.     Defendant denies the allegations contained in paragraph 46.

47.     Defendant denies the allegations contained in paragraph 47.

48.     Defendant admits the allegations contained in paragraph 48.

49.     Defendant denies the allegations contained in paragraph 49, except admits that Plaintiff's probationary period was extended.

4

50.    Defendant admits the allegations contained in the first sentence of paragraph 50, but denies the remaining allegations contained in paragraph 50.

51.    Defendant admits the allegations contained in the first sentence of paragraph 51, but denies the allegations contained in the second sentence of paragraph 51.

52.    Defendant admits that Patnaik reported to his supervisor and to human resources that Plaintiff had threatened him but denies the remaining allegations contained in paragraph 52.

53.    Defendant admits the allegations contained in the first sentence of paragraph 53, but denies that insubordination was the only reason given and denies the remaining allegations contained in the second sentence of paragraph 53.

54.    Defendant admits the allegations contained in the first sentence of paragraph 54, but denies the allegations contained in the second sentence of paragraph 54.

55.    Defendant denies the allegations contained in paragraph 55.

56.    Defendant denies the allegations contained in paragraph 56.

57.    Defendant denies the allegations contained in paragraph 57.

**COUNT I**
**Title VII of the 1964 Federal Civil Rights Act, as Amended**
**42. U.S.C. 2000e,et seq.**

58.    Defendant repeats and incorporates by references responses to paragraphs 1 through 57 as if fully set forth herein.

59.    Paragraph 59 states a conclusion of law, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 59.

60.    Defendant denies the allegations contained in paragraph 60.

61.    Defendant denies the allegations contained in paragraph 61.

62.    Defendant denies the allegations contained in paragraph 62.

63.    Defendant denies the allegations contained in paragraph 63.

## COUNT II
## Mass. G.L. c. 151B

64.    Defendant repeats and incorporates by references responses to paragraphs 1 through 63 as if fully set forth herein.

65.    Paragraph 65 constitutes a conclusion of law, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 65.

66.    Defendant denies the allegations contained in paragraph 66.

67.    Defendant denies the allegations contained in paragraph 67.

68.    Defendant denies the allegations contained in paragraph 68.

69.    Defendant denies the allegations contained in paragraph 69.

## COUNT III
## Defamation

70.    Defendant repeats and incorporates by references responses to paragraphs 1 through 69 as if fully set forth herein.

71.    Defendant denies the allegations contained in paragraph 71.

72.    Defendant denies the allegations contained in paragraph 72.

73.    Defendant denies the allegations contained in paragraph 73.

74.    Defendant denies the allegations contained in paragraph 74.

75.    Defendant denies the allegations contained in paragraph 75.

## AFFIRMATIVE DFENSES

## FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief may be granted.

6

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims for damages are barred in whole or in part by his failure to mitigate his damages.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims for damages are barred, in whole or in part, by the doctrines of waiver, laches, estoppel and/or unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

Every action taken by Defendant with respect to Plaintiff's employment was taken for a legitimate business purpose and was consistent with principles of law.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claim of discrimination is barred and/or recovery of damages precluded because Plaintiff failed to take appropriate advantage of Defendant's preventative or corrective opportunities or otherwise to avoid harm.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims for damages are barred, in whole or in part, by after-acquired evidence of misconduct.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by applicable statutes of limitations.

### EIGHTH AFFIRMATIVE DEFENSE

Defendant reserves its right to add such additional affirmative defenses as may become evident as the case progresses.

WHEREFORE, Defendant prays that the Court:

1.    Enter judgment for Defendant on all counts;

2.      Award Defendant its costs and attorneys fees, as appropriate; and

3.      Grant such further relief as the Court deems just and proper under the

circumstances.

Respectfully submitted,

HARTE-HANKS, INC. d/b/a HARTE-HANKS
DATA TECHNOLOGIES
By its attorneys,


/s/Andrew C. Pickett
Andrew C. Pickett, BBO #549872
Richard W. Paterniti, BBO #564860
Jackson Lewis LLP
75 Park Plaza
Boston, MA 02116
(617) 367-0025

Dated:  April 4, 2005